## EVANS *v.* AMERICAN IRON & TUBE CO.

*(Circuit Court, N. D. Ohio, E. D.   February Term, 1890.)*

1. MASTER AND SERVANT—NEGLIGENCE OF MASTER—UNLAWFUL EMPLOYMENT OF CHILD.
   Under the Ohio statute making it a crime to employ in a factory a child under 12 years old, it is only necessary, in a prosecution for its violation, to prove the employment and defendant's knowledge of the child's age; but such proof is not, in itself, sufficient in a civil action for injuries sustained by the child through defendant's negligence.

2. SAME—CONTRIBUTORY NEGLIGENCE.
   Where the employer of a child under 12 years of age furnishes him with a safe and suitable place to work, he is not liable for injuries sustained by the child by reason of his voluntarily going about the factory and exposing himself to dangerous machinery, where the child is of such age and experience, and has sufficient knowledge of the machinery, to be able to appreciate its dangerous character.

3. SAME—FELLOW-SERVANTS.
   Such a child, if he is incapable, by reason of his youth and inexperience, of apprehending and appreciating the dangerous character of the machinery, is not a fellow-servant of the adult servants employed in the factory.

At Law.

Action by Owen Evans, guardian of William Lewis, against the American Iron & Tube Company, for personal injuries sustained by said ward while in defendant's employ.

*D. L. King*, *R. B. Murray*, and *A. J. Woolf*, for plaintiff.
*Sanderson & Norris*, for defendant.

RICKS, J., (*charging jury.*) This action was instituted by Owen Evans as guardian of William Lewis, to recover damages for injuries sustained by him while in the employ of the defendant when he was under the age of 12 years. The petition avers that said boy went into the employ of defendant, July, 1887, and continued in such employ until November 18, 1887, when he was injured by the negligence of defendant's boss in ordering him to a place of danger to do labor of a hazardous character, near machinery which was not properly protected; and that defendant placed said boy in this dangerous place without properly cautioning him as to the dangers to which he was exposed. These are the main allegations which you will find it necessary to investigate under the issues made. I may say at the outset that the case is to be tried upon the testimony as presented before you, and neither sympathy for the plaintiff's ward on the one hand, nor prejudice against the defendant corporation on the other, are to enter into your deliberations. There is nothing in the testimony to show, or to warrant you in concluding, that this defendant employed this boy for any censurable purpose. It is not here arraigned as a criminal under this statute for the employment of this boy; but, so far as there is affirmative evidence before you, it appears that the mill boss employed the boy out of sympathy for him and his mother, and that it therefore stands here entitled to the presumption of having employed him without any unworthy or criminal intent. Now, imbued with this spirit of perfect fair dealing between these parties, let us proceed to consider this testimony as to the legal principles that are to control you in finding your verdict.

The statute of Ohio prohibits all persons from employing boys under 12 years of age in such establishments as the defendant operates. How does this statute affect this case? If defendant was being prosecuted under Ohio laws for violation of this statute, the fact of employment by defendant, and the fact that it knew him to be under 12 years of age at the time of such employment, would be all that would be needed to secure conviction. But, in a civil action for an injury to such minor on account of such employment, other considerations may enter into the case before the defendant would be liable for such illegal employment. In a civil case, where the illegal employment was the direct and proximate cause of the injury, the defendant would be liable. But where, in such an action, injuries are complained of which go beyond the employment, and involve questions of negligence on the part of the defendant, or contributory negligence on the part of the plaintiff, then the mere employment or violation of this statute is not, in and of itself, enough to entitle plaintiff to recover. With this instruction as to the effect of this statute, you may then proceed to inquire as to the next question: Has the defendant been guilty of negligence other than the mere employment, which resulted in this accident?

If you find that the defendant gave this boy employment, and fur-

nished him a safe and easy task, in an unexposed position, and that if he had attended to his duties and labor and remained at his post he would have escaped this injury, such employment cannot be claimed to be negligence, or the proximate cause of this injury. If you find from the evidence that the defendant furnished this boy with a safe employment suitable to his condition at a safe position, but that of his own choice he undertook to go about the mill and its machinery, and so, voluntarily or without direction, exposed himself to dangerous machinery, or undertook, of his own will, to do dangerous work, and that he was of such age and experience, and had such knowledge of the machinery, as to enable him to know of such dangers, and that in so doing he exposed himself to risks that a prudent, bright, and careful boy, of his age, exercising ordinary and reasonable care, ought not to have done, and was thereby injured, then I say to you, as a matter of law, that he contributed to that injury, and cannot recover. A boy of his age and experience cannot be, and ought not to be, held to the same degree of care that ought to be expected of a man of years and knowledge. But you have seen the boy, and have heard him testify. You have heard evidence as to his bright and popular ways, and his habits, and from these observations and evidence you can safely judge as to his intelligence and knowledge of this mill and its machinery in November, 1887, and as to his information as to the process of making tubes; and you must judge therefrom as to what would have been ordinary care and prudence, or what would have been negligence, on his part, at that time in his life. He had been in the service of the defendant some months. He knew the employes, and the general nature of their respective employments. He had seen the machinery operate, and knew, or had opportunities to see, its dangerous and its hazardous points. You will consider all these facts when you come to apply the proper standard of care and prudence for such a boy, under the circumstances of this case. If in applying this standard you find that he acted without proper care and caution in voluntarily undertaking any part of the work about the mill, and through this want of care he voluntarily exposed himself to dangers about which he ought to have known, then he cannot recover in this case.

If you find that William Lewis was under 12 years of age at the time he received the injuries complained of, and that he was at that time incapable, by reason of his youth, inexperience, and want of knowledge, of apprehending and appreciating the dangers and hazards of dangerous machinery, then I say to you that he would not be in law a co-laborer or fellow-servant of the adult servants of defendant there employed. If William Lewis, being there under such employment, as described, was ordered, or knowingly permitted by one of the defendant's adult servants then and there engaged in dangerous and hazardous work, to assume such dangerous work at or near dangerous machinery, and in a dangerous and hazardous place, the dangers and hazards of which Lewis was incapable of appreciating, and that, while so employed in performing the work of such adult servant, he received the injuries complained of, it is a question for you to determine whether or not, under all the cir-

cumstances, such conduct of such adult male servant of defendant was negligent; and if you find that such adult servant was negligent, and that the injuries to this boy were the direct and proximate result of such negligence, then I say to you, as a matter of law, that the negligence of such adult servant would be the negligence of defendant, for which it would be liable, and for which the plaintiff would be entitled to recover; unless you find that said Lewis did not, in and about the performance of such service, exercise such care and prudence as boys of his age, experience, and intelligence are accustomed to exercise under the same or similar circumstances, and that his failure to exercise such care and prudence contributed to his injuries.

The plaintiff's ward was not a co-laborer to the other employes, in the legal sense that he stood on the footing of owing the same duties, the one to the other. He did not occupy, as to them, the same relation as though he had been a man, or a minor of more mature years. But he was not there as an infant and a ward, to be looked after by such employes whenever he might leave his post of duty to which he had been assigned. If he left that place of duty, and took other risks, he took and carried with him, wherever he voluntarily went about that mill, a duty to look after himself, and protect himself from dangers, to the extent of that care and prudence which you might reasonably expect of a boy of that age, as I have before explained, and the other employes in the mill owed to him no other or greater care and oversight than they would be expected to extend to a prudent and careful boy of that age and experience.

This takes us to the next point in the case. If you find, gentlemen, that although the defendant employed this boy to perform labor not dangerous to be performed, at an unexposed place, but during such employment by its mill boss, or superior officer, directed the boy to go to a place where he was not accustomed to be, and to do labor he had not been accustomed to do, and at a dangerous point, against which he had not been properly warned and cautioned; and you further find that the boy, under such orders, did go and undertake to perform that labor, with as much care and prudence as would be expected of a prudent and cautious boy of that age and experience, under similar circumstances; and while in that place, and while undertaking to do that work, he was injured,—then the defendant would be liable for such injury, and your verdict should be for the plaintiff. It was the duty of the defendant to anticipate that minors would not exercise the same care and foresight amid dangers that adults would, and it was the duty of the defendant, through its proper subordinates, to give to such minors, when taken in its employment, proper instructions as to their duties, and proper caution as to the danger of their employment, and of the machinery surrounding them. But if you find from the evidence that plaintiff's ward had been in the employ of defendant for a sufficient length of time to make him fully aware of the dangers of his work and of the place, or to have enabled a boy of his age and experience, by reasonable care and diligence, to have made himself aware of such dangers, and that he had such

knowledge, or should have had it, then the failure of the defendant to have originally cautioned and warned him, if you find that it did not do so, is not negligence that approximately or directly caused this injury.

These are the principles of law, gentlemen, that are to guide you in your deliberations in this case. The duty of defining the law is with the court, and you are bound by such definition and instruction, and you will accept them without any discussion or consideration, whether they are right or wrong in your judgment. The duty of deciding the facts is with you. But there are some well-settled general principles of law that govern you in passing upon these facts, and it is proper in this case that I should direct your attention to them. There is a marked conflict of testimony as to the facts upon which you are to pass. Your own experience has doubtless already made it plain that good and honest men will often differ as to the details of accidents about which they testify. This is especially true when an injury occurs in a noisy mill, and under the circumstances of this case, after over two years of time. This injury occurred in a mill where none but the employes of the defendant saw how it happened. The men to whom we must therefore look for the facts were employes. Some of them are still in the employ of the defendant, and some are not. You are to presume that all these men are honest and truthful, and have told the truth as they believe it, unless the contrary appears. It will not do to assume, as counsel have urged, that all these men have disregarded their oaths, and are unworthy of belief, simply because they are in the employment of defendant. It would be a most alarming and dangerous situation if the relation of employe to employer in this enlightened and free country should put such men under suspicion and disability. But you will fairly and properly consider whether, as to any of these witnesses, this relation has in any way embarrased them, or restrained them from telling freely all the facts within their knowledge as to this accident. This you can properly judge from their conduct on the stand, for there has been nothing in the way of impeachment by direct attack upon their character. Did they manifest any disposition to suppress any of the facts, or were they reluctant to tell the whole truth as they knew it? Did they show feeling, antipathy towards the plaintiff, or any conduct that impressed you as throwing suspicion upon their truthfulness? If so, you will properly weigh their evidence as being impaired to that extent. But the mere fact that they disagree as to details, and as to which way or route of travel through this large mill the boy got to this place of accident, or in just what way he got caught in this gearing, should not, of itself, lead you to set aside their testimony, and disbelieve them *in toto.* It is, on the contrary, your duty to assume that they want to tell the truth, (if nothing in their conduct leads you to think otherwise,) and to reconcile their statements if possible. Look to see if they have any interest in this case which is likely to swerve their testimony. And this is true of the plaintiff's as well as of the defendant's witnesses; and, if you find such interest exists, it is a circumstance to which you can look in weighing their testimony. Witnesses may differ in details, and yet their testimony as to the important

facts may agree. Thus several witnesses agree that this boy at the time of the injury was at a certain place at a certain time, and yet disagree as to the route he traveled to get there, or why he went there, or what he did while he was on his way there. The differences as to the unimportant details you may pass over as matters about which witnesses may be honestly mistaken, but that would not warrant you in disregarding their evidence as to the essential and main fact as to which they agree and are corroborated. So you will treat the discrepancies between the witnesses as to where Smeltz, the mill boss, stood when it is claimed he ordered this boy to the place where the accident happened. The important fact in this connection is, was such order or direction given, and it is not important in settling that fact where he stood when he gave it. The exact position he occupied at this time may be important as relating to other disputed facts, and, if so, you may consider it in that relation as material. I refer to these general principles as indicating how you may intelligently consider all this testimony, reconcile so much of it as you can, and gather from all of it the important facts that must guide you in reaching a verdict.

The plaintiff must satisfy you by a fair preponderance of the evidence that the acts of negligence relied upon were committed by the defendant. There must be a fair preponderance of such evidence; not such as to remove all reasonable doubt, but such as to satisfy you that the fair weight of it is with the plaintiff; and, unless the fact of contributory negligence appears from plaintiff's testimony, the defendant must satisfy you of that by the same preponderance. But in this connection you should assume that William Lewis, at the time he was injured, possessed the ordinary intelligence and discretion possessed by others of the same age, unless the contrary appears.

If, under these instructions, you find that the plaintiff is entitled to recover, it will be your next duty to award him damages. The court can give you no exact rule by which you can measure these damages. All it can do in that particular is to give you such elements as you may take into consideration in making up your verdict. The compensation to which plaintiff is entitled, if entitled to recover at all, is measured by the nature of the injury. In estimating the compensation due the plaintiff, you should take into consideration his bodily suffering and pain, including the pain and suffering at the time of the accident; while recovering or partially recovering from his injuries; what he has suffered since; what he will suffer, if any, by reason of the accident in the future. You may also take into consideration the disfigurement of his face, and the loss of his arm. You should also consider whether or not the injuries to his body are permanent, and whether or not they are of such a character as to decrease his earning capacity in such work or vocation as he would probably be fitted to pursue. If you find that the injuries and mutilations of his chest are of such a nature as to interfere with and decrease his earning capacity, then you should estimate for those injuries. You should also consider the loss of plaintiff's arm; and, if you find that such loss will interfere with and decrease plaintiff's earning capacity in

such pursuit or vocation as he will probably be able to fill, then you should allow for such loss of earning capacity a sum sufficient to compensate him for such loss. You may also, in estimating the amount of compensation due plaintiff, take into consideration the mental suffering, if any, naturally resulting from the injuries received.

This is a case, gentlemen, naturally appealing to our sympathies; and I therefore feel it proper and prudent to remind you that the rights of parties in courts of justice are to be determined upon well-defined principles of law, and not upon the impulses of generous hearts, however well prompted. I need not, I am sure, say more to insure to both these parties a full, fair consideration of their rights, and to receive from you a just verdict according to the law and the evidence. Take the case, gentlemen, and make such a finding as your conscience will approve.

Verdict for plaintiff for $6,000.

JACKSON, Circuit Judge, by invitation of District Judge, sat with the latter to hear motion for new trial, which, after full argument, was denied. Judgment rendered on verdict for $6,000 and costs.